## STATE, ex rel. SADLER, Relator, v. BALDWIN-LIMA-HAMILTON CORPORATION and THE INDUSTRIAL COMMISSION OF OHIO, Respondents.

Ohio Appeals, Tenth District, Franklin County.

No. 6214. Decided December 1, 1959.

Rice, Rice & Rice, Hamilton, for relator.

Mark McElroy, Atty. Genl., William G. Carpenter, Mary Spivey Durham, Asst. Attys. Genl., Columbus, for respondents.

## OPINION

By BRYANT, PJ.

Lucinda Sadler, relator herein, has filed an original action in mandamus in this court. The respondents in this proceeding are the Baldwin-Lima-Hamilton Corporation, herein called "Baldwin" and the

Industrial Commission of Ohio. Mrs. Sadler alleges that she is the widow of Dale Sadler, that he died of an occupational disease arising by virtue of his employment which the commission wrongly determined was silicosis. She alleges that for eleven years prior to his death, her husband was employed as a moulder by Baldwin, a self-insurer under the Workmen's Compensation Law.

The petition sets forth two causes of action, alleges in detail the circumstances allegedly resulting in his death, sets forth the steps taken by the decedent and the claimant to establish their respective claims before the commission, alleges the denial thereof by the commission with a specification of the allegedly erroneous steps taken and decisions made by the commission and the allegation that relator lacks any other legal remedy and that the commission has been guilty of a gross abuse of discretion. The petition concludes with a prayer for a writ of mandamus to compel the commission to award compensation to relator for the death of her husband from an occupational disease and for an order directing Baldwin to pay such compensation and for other relief.

Relator has made written application to this court for an order directing the commission to bring into this court for review on mandamus the entire files of the decedent and the relator with respect to claims filed with the commission. In a memorandum in support of this application, counsel for relator says that relator is indigent, that the files are voluminous, that the cost of making copies of needed documents will be prohibitive, that the original papers are needed to determine the issues in this case and that the interest of justice will be served by granting the application. Relator has filed proof of service of the application and supporting memorandum upon counsel for both respondents. Under the rules of the courts of appeals (Rule III, Paragraph 1), the respondents had ten days in which to file answering briefs. This they have not done although two and one-half months have elapsed from which we can only conclude that the application is unopposed. The application appears to be reasonable and therefore will be sustained and an order may be drawn in the form prayed for in the application.

On behalf of the commission, a motion for stay of proceedings and brief in support have been filed and Baldwin has filed a similar motion but without brief. Both motions are directed to the second cause of action in the petition. They do not indicate either the purpose or the length of the stay which is sought. They make no mention of the first cause of action in the petition.

The motions are upon the ground that there is pending in the common pleas court of Butler County, Ohio, a proceeding in which the parties are the same as in the case now before this court and the cause of action in the lower court is identical with the second cause of action in the case now before us. We have compared the petition and the amended petition in the lower court case with the second cause of action in the petition in the case now before us. We cannot agree that they are identical or even substantially identical. It perhaps would be more accurate to say that in some particulars they cover the same territory in vastly different terminology.

While this has been under consideration, relator has filed a certified copy of a journal entry of the lower court fully and finally dismissing the entire action without prejudice, so that there appears today to be no question that the ground for the motions does not exist. Even if this were not so, we should be compelled to find (a) that there was a lack of similarity; (b) that the pendency of another like action between the same parties must be raised by demurrer and not by motion (see §2309.65 R. C., defining motion, §2309.08 R. C., which in paragraph (d) makes pendency of a like action grounds for special demurrer, and 37 O. Jur. (2d), 672, Motions and Orders, wherein the limited function of motions with respect to attacks on pleadings is pointed out), and (c) that the affidavit of counsel in the case is not the equivalent of the certificate of the clerk of courts when attached to unsigned court papers. For the reasons above set forth, the motions to stay proceedings must be overruled.

There remain two demurrers to the petition, one filed by the commission and the other filed by Baldwin. They are substantially identical, each containing the same two grounds and, in addition, a brief in support has been filed by the commission, one in opposition by counsel for the relator and none by Baldwin.

The first ground for the demurrer is that the relator has been guilty of laches. We feel that this term is one which refers primarily to a defense in equitable proceedings and it must be kept in mind that the action now before us is purely legal action. Nevertheless, petitions for writs of mandamus are addressed to the sound discretion of the court and will be denied where there has been acquiescence or where there has been unreasonable or inexcusable delay on the part of the relator not contributed to by the respondent, particularly when such delay due to changed or altered circumstances, has worked to prejudice the position or defense of the respondent.

What are the facts here? Has the relator been guilty of unreasonable delay or what might be termed legal laches? It is claimed by Mrs. Sadler that from July 14, 1941, continuously for nearly eleven years, Dale Sadler worked for Baldwin, that he became ill and on June 2, 1951, his physician gave a diagnosis of silicosis which was reported by Baldwin and on June 4, 1951, two days later, Baldwin fired Dale Sadler. Thereafter, probably on July 9, 1951, Dale Sadler filed a claim for compensation, which was referred to the Silicosis Board, which on February 2, 1952, found that Dale Sadler was in the early stages of silicosis, was not totally disabled and recommended a change of occupation. Relator claims that pursuant thereto, Dale Sadler on April 20, 1952, resumed work for Baldwin at an outside job which he held for several months, when he quit because unable to work. He died on December 15, 1952.

On February 27, 1953, Mrs. Sadler filed her claim with the commission and on August 5, 1953, the commission denied the claim of Mrs. Sadler on the grounds that the death of her husband was due to causes other than silicosis and on July 15, 1954, Mrs. Sadler alleges she filed a motion asking the commission to pay to her amounts which would have been due and payable to her husband. On October 13, 1954, this motion was overruled by the commission.

On September 13, 1954, the commission illegally, according to relator, referred the matter a second time to the Silicosis Board. Dale Sadler had been dead about twenty months, yet the board reversed itself and held that Dale Sadler did not have silicosis and that its earlier order of February 2, 1952, was a mistake.

On November 8, 1954, an action was brought in the common pleas court of Butler County by Mrs. Sadler, the apparent theory of her counsel being that as Butler County was the official residence of Baldwin and Baldwin was a self-insurer and it an award were made, would be under obligation to make the payments, that the action in mandamus was properly filed in Butler County and hence the commission could be joined as a defendant.

On November 12, 1954, the commission denied a petition for rehearing previously filed by Mrs. Sadler. On the 22nd and 26th of November, 1954, respectively, motions to quash the service of summons in the Butler County case were filed by the commission and by Baldwin. On November 26, 1954, Mrs. Sadler filed an amended petition in the lower court including all that was alleged in the original petition and adding allegations as to the action taken by the commission on November 12, 1954, above described. On December 2, 1954, Baldwin filed a motion to quash the service of summons upon the amended petition.

So far as we can tell, none of the three motions to quash was ever passed on and of course, as we have indicated, the entire lower court proceeding recently has been dismissed without prejudice.

The sole ground for all of the motions to quash was that Mrs. Sadler should have brought her action in the courts of Franklin County, Ohio. Nothing was said anywhere concerning the merits of her case. No one has come forward with any explanation as to why the petition and the entire cause of action lay dormant and inactive for nearly five years.

Certainly the commission cannot claim surprise or that it is prejudiced. From the very day relator filed her claim as widow and later her mandamus action in the lower court, the commission was aware of her claim. The commission also was aware from and after July 9, 1951, that Dale Sadler claimed to have an occupational disease of some sort.

We have neither the rules of the lower court nor a transcript officially certified as to just what went on, if anything, in the lower court case.

The motions to quash, which lay undecided for so many years, were filed by both respondents and they must under all of the circumstances here accept some of the responsibility for the delay which followed. What relator has done, in one sense at least, in abandoning the lower court case and filing this action in Franklin County, is to follow the express demand of both respondents in their briefs in support of their motions to quash.

We conclude therefore that the special demurrer upon the grounds of laches is not well taken and must be overruled. It will be noted that the demurrers and both branches of each of them are directed to the first cause of action in relator's petition in this court. We therefore overruled the first branch of each demurrer for the reasons above set forth.

The second ground in each of the two demurrers is that the first cause of action in the petition now before the court fails to allege facts which state a cause of action in mandamus.

The specific ground for the second branch of the demurrer is that the petition alleges a general term, "an occupational disease," whereas, according to counsel for the commission, relator should have alleged a specific occupational disease by name. We note that the portion of the statute quoted by counsel for the commission uses the language "all other occupational diseases."

We conclude therefore that the second branches of the two demurrers are not well taken and must be overruled.

DUFFY, J, concurs.
MILLER, J, not participating.